IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIA DEL CARMEN RODRIGUEZ,　§ <br>　　Plaintiff,　　　　　　　　　　§ <br> v.　　　　　　　　　　　　　　§　　NO.  3:14-CV-00032-RFC <br> 　　　　　　　　　　　　　　　§ <br> CAROLYN W. COLVIN,[1]　　　　§ <br> Acting Commissioner of Social Security　§ <br> Administration,　　　　　　　　§ <br> 　　Defendant.　　　　　　　　§ | |

## MEMORANDUM OPINON AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  42 U.S.C. §§ 416(i), 1382c.  Plaintiff, who was born on September 19, 1959, was  52 years old at the time of the ALJ's decision.  (R:126)  She is unable to communicate very well in English and attended school through the eighth grade.  (R:33)  She received a GED in Spanish.  (R:34)  She has past relevant work experience as a sewing machine operator.  (R:24)  For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

On February 1, 2011, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 25, 2011.  (R:126, 131, 133)  Her applications were denied initially and on reconsideration.  (R:45-48, 51-58, 60-63)  Plaintiff filed a request for a hearing, which was conducted on March 21, 2012. (R:30-44) The Administrative Law Judge ("ALJ") issued a decision on September 5, 2012, denying benefits.  (R:17-25)  The Appeals Council  denied review on November 26, 2013.  (R:1-8)  Plaintiff's complaint in this cause was filed on January 24, 2014, the Commissioner filed an answer, and both parties submitted briefing.  (Docs. 1-23)

**ISSUES**

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the ALJ's finding that Plaintiff can perform her past relevant work as a sewing machine operator was made contrary to law.

Plaintiff contends that the ALJ's fourth step finding that Plaintiff can perform her past relevant work was made in error.  (Doc. 21:3) Plaintiff argues that the ALJ relied on Vocational Expert ("VE") testimony that conflicted with the Dictionary of Occupational Titles ("DOT"). (Doc. 21:4) By relying on this error to reach the fourth step conclusion, the ALJ failed to move to step five of the sequential evaluation process.  Plaintiff asserts that at step five, the Medical Vocational Guidelines, Rule 202.09, would have directed a finding that Plaintiff was disabled.  (Doc. 21:5) Furthermore, Plaintiff argues that the ALJ's decision is not supported by substantial evidence. (Doc. 21:3-5)

Defendant responds by asserting that substantial evidence does in fact exist to support the fourth step finding and that no legal error was committed by the Commissioner. (Doc. 23:4-5) Further, Defendant argues that Plaintiff should not be permitted at this juncture to contest the VE's testimony because the choice was made by Plaintiff's counsel at the hearing before the ALJ not to point to any inconsistency between the VE's testimony and the DOT description for this position, or otherwise pose any query regarding reaching. (Doc. 23:4-7)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not re-weigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II.  Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education and past work experience, that she is capable of performing other work.  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work.  *See Masterson,* 309 F.3d at 271-272.

In the present case, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since January 25, 2011, the alleged onset date. (R:19).  At step 2, the ALJ found that Plaintiff had the following severe impairments:  arthritis; high blood pressure; bilateral knee pain; and, degenerative joint disease of the lumbar spine.  *Id*.  The ALJ further found that Plaintiff had non-severe impairments of status-post gallbladder removal and anxiety.  (R:20)  At step three, she concluded that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (R:21)  The ALJ determined that Plaintiff's allegations regarding her limitations were not fully credible to the extent that they conflicted with the residual functional capacity ("RFC") assessment arrived at by

the ALJ. (R:23) After considering the entire record, the ALJ determined that Plaintiff retained the residual functional capacity to perform light work. (R:22) Specifically, the ALJ determined that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; and, sit for 6 hours in an 8-hour workday. *Id*. She should not climb ropes, ladders or scaffolding but there could be occasional climbing of ramps and stairs. *Id*. Plaintiff was limited to frequent overhead reaching and handling. *Id*. Finally, Plaintiff should avoid even moderate exposure to unprotected heights. *Id*. At step four, the ALJ concluded that Plaintiff retained her ability to perform her past relevant work as a sewing machine operator. (R:24-25) Consequently, she found that Plaintiff was not disabled through the date of the decision.

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)

In arriving at her RFC determination, the ALJ relied primarily on the medical evidence in this case. This included the opinions provided by state agency physicians Dr. Andrea Fritz and Dr. Patty

Rowley. Both physicians concluded that Plaintiff was not disabled. (R:45-48) The ALJ did not fully accept these opinions, but gave them weight only to the extent that they were consistent with the RFC conclusion at which the ALJ arrived. (R:24) A consultative examination conducted by Dr. Mauricio E. Jimenez, dated 4/1/11, resulted in the following findings: normal gait; squatting down was normal; heel walking and tiptoe walking were normal; grip was normal in both hands; position movements were normal; and, range of both shoulders was normal. (R:334-35) The Plaintiff's treating physician, Dr. Marco Diaz, provided two Medical Release/Physician's Statements wherein he concluded that Plaintiff was permanently disabled and unable to work. (R:363-365) This disability was due to anthralgia, shoulder pain, and right-sided weakness. *Id.* Nevertheless, Dr. Diaz reported no functional limitations due to the conditions. *Id.* On that basis, the ALJ assigned little weight to Dr. Diaz's opinion. (R:24) The rest of the record evidence, both medical and otherwise, substantiates the ALJ's RFC finding.

### *IV. Vocational Expert Testimony and the Dictionary of Occupational Titles*

Plaintiff contends that the ALJ committed reversible error when she relied on VE testimony that conflicted with the DOT without obtaining a reasonable explanation for the conflict. (Doc.21:4-5) She argues that such an explanation is required by Social Security Ruling ("SSR") 00-4p, which requires that when the vocational evidence is not consistent with the information in the DOT, the ALJ must resolve the conflict before relying on the VE evidence to support a determination that the individual is or is not disabled. (Doc.21:4)

The ALJ determined that Plaintiff could perform the work of a sewing machine operator in reliance upon VE testimony. (R:25) The DOT reflects that the position of "sewing machine operator" requires "constant" reaching and handling. DOT 786.685-030. Plaintiff argues that the

6

job of sewing machine operator demands a greater level of reaching and handling than allowed by Plaintiff's RFC, which is limited to frequent overhead reaching and handling. (Doc.21:3-4) Plaintiff argues that once the conflict between the VE's testimony and the information included in the DOT regarding reaching and handling was evident, SSR 00-4p required the ALJ to elicit a reasonable explanation for such conflict. (Doc.21:4) Plaintiff contends that the ALJ erred in concluding that no conflict exists between the VE's testimony regarding the job of sewing machine operator compatible with Plaintiff's limitations and the requirements of that job under the DOT. (R:25; Doc.21:4-5) Plaintiff submits that she was prejudiced by this error, because if Plaintiff had been found unable to perform her past relevant work, the sequential evaluation would have moved to step five, at which point Plaintiff would have been found to be disabled. (Doc.21:4-5)

Plaintiff's contentions are without merit. SSR 00-4p states that occupational testimony provided by a VE should generally be consistent with that of the DOT. At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT.

In this case, the VE's clear and unchallenged testimony was that Plaintiff could perform the job of sewing machine operator. The ALJ complied with her obligation under SSR 00-4p by admonishing the VE that her testimony should be consistent with the DOT. (R:42) The VE responded unequivocally in the affirmative. *Id*. Since Plaintiff's counsel failed to inquire whatsoever into this issue regarding reaching and handling, there was no apparent unresolved conflict between the VE evidence and the DOT at that point. (*See* R:43-44) Hence, the ALJ's conclusion that the vocational expert's testimony is consistent with the information contained in the DOT. (R:25)

This is not a case involving a direct or obvious conflict between the VE's testimony and the DOT such as takes place when the VE's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for the job in the DOT. Nor does any other similar conflict exist. At most, the argument relates to an implied conflict between the VE's testimony and the DOT. For example, nothing in the DOT's job description indicates that overhead reaching or handling is required for the job of sewing machine operator. See DOT 786.685-030. There is not necessarily a conflict inasmuch as the job has non-specific reaching and handling requirements–not overhead reaching and handling requirements. *See Byrd v. Apfel*, No. 98-1781, 1998 WL 911718 at *6 (4th Cir. 1998) (not published). In Plaintiff's case, the ALJ's RFC determination did not preclude constant reaching or handling in general–the limitation to frequently reaching was only with respect to overhead reaching and handling. *See, e.g., Canton v. Astrue*, No. 08-CV-3038, 2010 WL 5391184 at *7 (E.D.N.Y. Dec. 22, 2010) (where both hands are required to perform a job, the DOT has not been shy in saying so). The Court declines to reverse the Commissioner's determination on the basis of an implied conflict between the VE's testimony and the DOT.

Alternatively, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the hearing before the ALJ. *Carey v. Apfel,* 230 F.3d 131, 146-147 (5th Cir. 2000). Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitation(s) on her ability to perform the job of sewing machine operator in the areas of reaching and handling. (R:43-44) Instead, the testimony remained unchallenged in this area. In so

doing, Plaintiff failed to pursue and nature and extent of any purported conflict between the VE's testimony and the DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief she seeks.

A review of the entire record supports the ALJ's findings and RFC determination. The VE's testimony constitutes substantial evidence that Plaintiff is capable of performing her past relevant work, thus satisfying the Commissioner's burden at step four of the sequential evaluation process. Plaintiff's subjective complaints are insufficient to support her claims of disability. Finally, the Court adjudges that no reversible error was committed by the ALJ, and that no award of benefits is warranted.

## **CONCLUSION**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on February 23, 2015.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE